UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>L. SKELTON, et al.,<br><br>  Defendants. | No. 2:18-cv-3273-EFB P<br><br><u>ORDER AND FINDINGS AND</u><br><u>RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2. As explained below, his application must be denied.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that plaintiff has been designated a three-strikes litigant for purposes of § 1915(g). *See Blackman v. Voong*, No. 2:18-cv-0216-TLN-AC (Mar. 16, 2018, E.D. Cal.) (identifying the following "strikes": (1) *Blackman v. Hartwell*, No. 1:99-cv-5822-REC-HGB (E.D. Cal.) (case dismissed for failure to state a claim on March 12, 2001); (2)

1

*Blackman v. Variz*, No. 3:06-cv-6398-SI (N.D. Cal.) (case dismissed for failure to state a claim on December 18, 2006); (3) *Blackman v. Mazariegos*, No. 3:06-cv-7625-SI (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim, case dismissed on September 4, 2007, for failure to file an amended complaint); and (4) *Blackman v. Mazariegos*, No. 3:07-cv-2021-SI (N.D. Cal.) (case dismissed for failure to state a claim on September 5, 2007)).

The section 1915(g) exception applies only if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's complaint makes no such showing. *See* ECF No. 1 (complaining of purported First Amendment violations with respect to plaintiff's efforts to exhaust administrative remedies). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, it is ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE